Mr. ’Justice Johnson
delivered the opinion of the court,
ft is not necessary perhaps to the determination of'this case, that the court should express any opinion on the first ground of the motion ; as the. fact on which it is predicated does not exist, for here is a recital of the oath. The authority relied on, (M'Kinzie vs. Buchan, 1 Nott & M'Cord 205,) .does not support it. The question was not involved, and I am unable to discover any expression in the opinion of 'the court, from which such a conclusion can be drawn. In the case of Truckelnt vs. The City Council, (Ibid227,) the court decided that a process issued from the city court, must shew'on the face of it that thc-case was within the jurisdiction of the court; and I apprehend the same rule will apply to the process of all courts of limited jurisdiction.
There are three circumstances under which a creditor on making oath of the fact, and,complying with the other requisi tes of the act, has a right to the process of attachment of the character usually called domestic, against his debtor.,
Davis, for the motion.
Harrison, contra.
1st. Where lie is about to remove his effects.
2diy. Where he is about to remove privately out of the „ county; and the
3rd. Is when he absconds or conceals himself, so that the ordinary process of law cannot be served on him. (1 Brev. 39-40.)
The first member of the recited oath does not state a case analogous to either of the three preceding. It does not state that he was about to remove his effects, or was removing privately out of the county, and concludes with the word limits, which may as well refer to his house, his plantation or neighborhood as to the county or district; and although the last member of the recited oath, is in con» fortuity with the act in relation to the third case, in which an attachment will lie, it is rendered inefficient by its connection with the preceding sentence, through the means of the disjunctive conjunction or, and it becomes perfectly Uncertain, which state of facts existed. If the former, lie was not entitled to this procesa ; for the rule is, that where a particular remedy is given liy law, that remedy, and all the incidents appertaining to it, must be strictly pursued and complied with.
It is attempted to aid this defect by the legal presiimp- • tion that the magistrate whose duty it was to require the oath prescribed by the act, had not issued the attachment without. He has recited in the attachment the oath which was taken before him, and there is no proof that there was any other, and it would be straining amere legal presumption further than has ever yet been done, if it were suffered to countervail well attested facts. The law maxim \s,stabit prasumptus doneeprobetur in contrarium, (Peake 111.)
The motion must be dismissed.
Justices Huger, Nott and Colcock, concurred,